SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001-8602
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TX 77002-5096
(713) 651-9366

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

SHAULI BAR-ON
DIRECT DIAL (212) 729-2079

E-MAIL SBAR-ON@SUSMANGODFREY.COM

October 6, 2026

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re: *United States ex rel. Verity Investigations, LLC v. MTM Choice Holdings LLC, et al.*, Case No. 1:26-CV-02678-GHW

Dear Judge Woods:

The parties respectfully submit this joint letter in advance of the October 13, 2026 Initial Pretrial Conference as directed by the Court. ECF Nos. 6, 20. The parties address each of the topics identified in the Court's Order. ECF No. 6.

## I. Nature of the Case

**Verity's Statement:** This is a *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, brought by Relator Verity Investigations, LLC (Verity) on behalf of the United States against MTM Choice Holdings LLC (MTM) and Infinity Marketing Team, LLC (IMT).

Defendants obtained Second Draw Paycheck Protection Program (PPP) loans of $1,996,057 (MTM) and $242,755 (IMT), which the United States later fully forgave, by falsely certifying in their loan applications that (1) they and their affiliates had only 169 and 13 employees, respectively, and (2) they were not owned

by an entity with significant operations in the People's Republic of China or Hong Kong.

Both of these statements were false. Defendants' statements about their employee counts were false because Defendants failed to count the employees of their affiliates. Throughout 2019 to 2021, Defendants were between 60 and 71.6 percent owned by Pico Far East Holdings Limited ("Pico"). Pico also owned nearly 100 subsidiaries at the same time. Under the applicable affiliation rules, "[c]oncerns and entities are affiliates of each other when one controls or has the power to control the other, or *a third party or parties controls or has the power to control both.* It does not matter whether control is exercised, so long as the power to control exists. 13 C.F.R. § 121.301 (effective March 27, 2020 to September 7, 2021) (emphasis added). Throughout 2019 to 2021, Pico had "the power to control both" Defendants and its numerous other subsidiaries. *Id.* The true employee count of Defendants and all their affiliates was between 2,000 and 2,500.

Defendants also falsely certified that they were not owned by a parent with significant operations in China or Hong Kong. Defendants' parent, Pico, has its principal place of business in Hong Kong, is listed on the Hong Kong Stock Exchange, owns 15 majority-owned subsidiaries in Hong Kong, and owns 29 subsidiaries in mainland China.

Defendants' false statements went directly to the eligibility criteria of the Second Draw PPP. *See* 15 U.S.C. § 636(a)(37)(A)(iv) (defining "eligible entity" for the Second Draw PPP as one that "employs not more than 300 employees" and excluding businesses owned "directly or indirectly, not less than 20 percent" by a parent "that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong").

Verity asserts claims under 31 U.S.C. § 3729(a)(1)(A) (submitting false claims for payment), § 3729(a)(1)(B) (creating false records or statements material to a false claim), and § 3729(a)(1)(G) (improperly avoiding an obligation to pay or transmit money).

**Defendants' Statement**: Defendants deny Verity's factual descriptions, allegations, and legal conclusions of wrongdoing in its Complaint and in its statement above. Defendants have presented their principal legal bases for their anticipated motion to dismiss the Complaint in their October 5, 2026 letter. ECF No. 21.

The principal legal issues to be raised in their anticipated motion to dismiss the current Complaint include: (i) whether Verity may proceed with a case where its material allegations were disclosed in a FOIA response by the SBA and in annual filings of a Hong Kong issuer (31 U.S.C. § 3730(e)(4)(A)); (ii) whether Verity is an original source having (a) knowledge that is independent of and (b) materially adds to the publicly disclosed allegations or transactions, and (c) it voluntarily

provided the information to the Government before filing an action (31 U.S.C. § 3730(e)(4)(B)); (iii) whether Verity has plausibly pleaded with sufficient particularity scienter, affiliation, and "significant operations" in China or Hong Kong; (iv) whether the Third Claim under 31 U.S.C. § 3729(a)(1)(G) is legally sufficient; and (v) whether the FCA *qui tam* provisions are constitutional both facially and as applied in this case with this plaintiff.

Other significant legal and factual issues of the case include whether each Defendant was affiliated at the relevant times with the other entities identified in the Complaint pursuant to 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021), so that the employees of other entities needed to be included in any relevant employee count pursuant to the relevant statute; (ii) whether Defendants were owned directly or indirectly by an entity that itself has "significant operations" in China or Hong Kong; (iii) depending on the determination of points (i) and (ii), whether Defendants acted knowingly within the meaning of 31 U.S.C. § 3729(b)(1) in submitting the allegedly "false" statements; (iv) depending on the determination of points (i) (ii), and (iii), if any such statements were material; (v) the amount of damages and penalties, if any; and (vi) the extent to which this Relator is improperly exercising Executive authority in bringing this action.

## II. Subject Matter Jurisdiction

The Court has Federal Question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FCA, a federal statute, and is brought on behalf of the United States. *See also* 31 U.S.C. § 3732(a). Venue is proper in this District under 31 U.S.C. § 3732(a) because at least "one defendant can be found, resides, [or] transacts business" in this District. *Id.* MTM has its principal place of business in New York, New York.

## III. Motions

There are no pending motions.

**Defendants' Anticipated Motion to Dismiss**: On October 5, 2026, Defendants filed a letter asking for a pre-motion conference on an anticipated motion to dismiss ("MTD Letter"). ECF No. 21. The principal grounds in support of that motion are set forth in Defendants' letter. ECF No. 21. Defendants will also ask the Court to stay discovery pending the outcome of the motion to dismiss. Verity has informed Defendants and states below that it intends to amend its Complaint as of right under Rule 15(a)(1)(B) to address some of Defendants' arguments that they will make in their motion to dismiss and that Defendants outlined in their MTD Letter.

**Verity's Response to the Motion to Dismiss**: In light of Defendants' MTD Letter, Verity intends to amend its Complaint as of right under Rule 15(a)(1)(B) to address Defendants' arguments that the Complaint inadequately alleges (1)

Defendants' scienter; (2) Defendants' affiliation with Pico; and (3) Pico's significant operations in China and/or Hong Kong. Verity will also amend its Complaint to clarify its allegations with respect to the Third Cause of Action under 31 U.S.C. § 3729(a)(1)(G).

Verity will oppose any Motion to Dismiss under the public disclosure bar because the public disclosure bar does not apply here. The public disclosure bar requires dismissal of "an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in sources that fit within three specific channels enumerated in the statute. 31 U.S.C. § 3730(e)(4)(A).

Defendants repeatedly wrongly assert that the public disclosure bar applies to "allegations . . . based on public information." ECF No. 21 at 1–2. As explained, the bar does *not* apply to all public information. Rather, it applies only to sources that fit within the three specifically enumerated FCA channels. 31 U.S.C. § 3730(e)(4)(A). Those three channels are: (1) a "Federal . . . hearing"; (2) a "Federal report"; or (3) "the news media." *Id.* None of Defendants' challenged sources fit within these channels.

Furthermore, even if the challenged sources fit within the statute's channels, the bar does not apply because "substantially the same allegations or transactions as alleged in the action" were *not* publicly disclosed through the challenged sources. *Id.* The sources Defendants identify disclose scattered, isolated facts, such as Pico's ownership stakes, corporate group employee count, and the existence of Defendants' PPP loans, which are not by themselves indicative of fraud.

And even if the public disclosure bar applied, Verity meets the statutory definition of an "original source": its independent analysis materially adds to any information that was disclosed in the statute's channels, and Verity voluntarily disclosed that information to the government before filing. S*ee* 31 U.S.C. § 3730(e)(4)(B).

Verity will also oppose Defendants' constitutional challenge to the FCA's *qui tam* provision, which relies on dissenting opinions. Every circuit court that has addressed arguments similar to Defendants' has rejected them. *See United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 2026 WL 2581886, at *7 (11th Cir. Sept. 1, 2026) ("The qui tam provisions of the FCA do not violate the Appointments Clause.") *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 805 (10th Cir. 2002) ("[W]e, like the other circuits that have considered the question, hold that the FCA's *qui tam* provisions do not contravene the Appointments Clause"); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 758 (5th Cir. 2001) ("Therefore, we are persuaded that the FCA's qui tam provisions do not violate the Appointments Clause."); *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994) ("Similarly, we are not persuaded by GE's claim that the *qui tam* provisions violate the Appointments Clause of the Constitution."); *United*

*States v. Boeing Co.*, 9 F.3d 743, 759 (9th Cir. 1993) (holding that "the qui tam provisions do not violate the Appointments Clause").

**Filing of an Amended Complaint:** As noted above, in light of the MTD Letter, Verity intends to amend its Complaint as of right under Rule 15(a)(1)(B) to address some of the issues raised in the MTD Letter. The Parties agree that this amended complaint should be filed prior to Defendants filing their anticipated motion to dismiss the current complaint. Defendants intend to then seek permission to file a motion to dismiss any amended complaint.

## IV. Discovery Status

No discovery has been taken.

**Verity's Statement:** Verity expects discovery to proceed following the exchange of initial disclosures and will oppose Defendants' request to stay discovery.

Verity expects that discovery likely to be admissible and material will include: (i) Defendants' First and Second Draw PPP loan applications, supporting documents, and forgiveness applications, along with related communications with Webster Bank National Association and Citibank, N.A.; (ii) documents showing the ownership, governance, and control relationships among Defendants, Pico, and Pico's subsidiaries for 2019 through 2021; (iii) payroll and headcount records for Defendants and their affiliates for the same period; (iv) documents about Pico's operations in China and Hong Kong; (v) documents showing who prepared and approved the certifications and what Defendants knew about the affiliation and China-ownership rules; and (vi) testimony from the individuals who signed or prepared the applications.

**Defendants' Statement:** Defendants will ask the Court to stay discovery pending a decision on their motion to dismiss (including the motion to dismiss the anticipated amended complaint that Plaintiff intends to file).

Defendants note that Verity's expected discovery as described above suggests they will be serving discovery on foreign non-parties, which likely will require motion practice and can extend the time necessary for discovery

Defendants expect that discovery likely to be admissible and material to proofs of claims and defenses include (i) discovery from Defendants concerning the wrongdoing alleged in the Complaint; (ii) non-privileged communications between Verity and the government relating to this and other FCA/PPP loan actions; (iii) information on Verity's finances related to FCA/PPP loan cases; (iv) non-privileged information relating to Verity's other FCA/PPP Loan cases and the dispositions thereof; and (v) information relating to the Verity's sources of information and the alleged "connect[ing] the dots" (Cplt. ¶ 30).

**V. Damages Computation**

Verity seeks, on behalf of the United States, treble the United States' damages under 31 U.S.C. § 3729(a)(1). Single damages are at least $2,332,362.45, made up of the forgiven loan principal and interest on MTM's Second Draw loan ($2,015,962.88), the lender processing fee the government paid on that loan ($59,881.71), the forgiven loan principal and interest on IMT's Second Draw loan ($244,380.11), and the lender processing fee on that loan ($12,137.75). Trebled, that total is at least $6,997,087.35, before interest.

Verity also seeks civil penalties (plus interest) of between $14,308 and $28,619 for each false claim, the number of which will be determined in discovery.

Verity also seeks reasonable attorney's fees and costs under 31 U.S.C. § 3730(d)(1), the amount of which will be determined at the resolution of the action.

**VI. Settlement Status**

The parties have engaged in settlement discussions to date but have been unable to resolve the claims. The parties welcome a settlement conference.

**VII. Other Information**

Because Defendants will be challenging the constitutionality of a federal statute in their anticipated motion to dismiss, the United States must be given notice and an opportunity to intervene pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(a).

Respectfully Submitted,

*<u>/s/ Shauli Bar-On</u>*
Steven M. Shepard
Stephen Shackelford, Jr.
Shauli Bar-On
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshepard@susmangodfrey .com
sshackelford@susmangodfrey.com
sbar-on@susmangodfrey.com

*<u>/s/ Michael S. Lazaroff</u>* <u>(signed with permission)</u>
Michael S. Lazaroff
**RIMÔN, P.C.**
400 Madison Ave, Suite 11D
New York, NY 10017
P: 646.738.4151
michael.lazaroff@rimonlaw.com